**Affirmed and Opinion Filed April 27, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-21-01088-CR**
_____

**THONG QUOC PHAM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82314-2021**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Pedersen, III

A jury found appellant Thong Quoc Pham guilty of burglary of a habitation with the intent to commit aggravated assault with a deadly weapon and assessed his punishment at ninety-nine years. Appellant appealed the trial court's judgment, but his court-appointed appellate counsel has filed a motion to withdraw and an *Anders* brief stating that the appeal is wholly without merit and frivolous. *See Anders v. California*, 386 U.S. 738 (1967). We affirm the trial court's judgment and grant counsel's motion to withdraw.

**Background**

Appellant's trial took place over two days, November 30 and December 1, 2021. The State's first witness was Taylor Newsom. Newsom and his wife Amber own the home in Wylie Texas where the burglary and assault occurred; the couple's two young daughters live there with them. Newsom testified that he and his wife were awakened after midnight that night by the barking of their dog. When Newsom came out of the bedroom and turned on a light, he discovered a strange man in the house. In an effort to protect his family—Newsom's wife and one young daughter had come out into the living area of the house where he and the stranger were— Newsom struck the man several times in the face. The intruder responded by swinging his arm down and stabbing Newsom in the arm, causing Newsom to bleed heavily and to back away. The dog continued to bark and snarl, and the intruder then stabbed the dog multiple times before running out the back door. The Newsoms called the police. Newsom identified appellant as the man who was in his home and stabbed him that night.

The only other witness during the trial on guilt-innocence was Matthew Peacock, a Wylie police officer, who responded to the Newsom's call and oversaw the investigation by a number of officers that early morning. The officers had received a description of the burglar: a male, "possibly Hispanic," wearing blue jeans and black shoes with white stripes. Less than an hour after the police arrived, appellant was discovered laying in a field, alongside the creek that ran about 150

–2–

yards behind the Newsom home. He was wearing blue jeans and black shoes with white stripes. Officer Peacock identified appellant as the man the police located and arrested that night.

Both parties then rested and closed. The jury deliberated and found appellant guilty.

During the punishment phase of the trial, the jury heard from five witnesses, including Amber Newsom, two neighbors of the Newsoms and two women who testified to earlier offenses by appellant. The jury assessed appellant's punishment at ninety-nine years.

This appeal followed.

## The *Anders* Brief

In this Court, appellant's attorney has filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*). Counsel delivered a copy of the brief to appellant and notified him of his right to file a pro se response. We also advised appellant of his right to file a pro se response. Appellant did request—and receive—a copy of the record, but he did not file a response.

We have reviewed the record carefully. Appellant made no objection to any question or ruling during the voir dire proceeding. During this testimony of Mr. Newsom, the State introduced thirty-five photographs depicting the Newsom home after the break-in. Appellant's counsel made no objection to the photographs or to any questions asked during Newsom's direct or redirect testimony. During Officer Peacock's testimony the State offered another nine photographs depicting the area where appellant was found. Appellant stated again that he had no objection, and he did not object during questioning of the officer.

Neither party had any objections to the trial court's draft charge. Nor were objections lodged during closing arguments.

Appellant did make an objection to one witness during the punishment phase of his trial, W.T., who was the victim of an assault by appellant when she was a child. There was discussion among the judge and lawyers concerning the offense, which was originally charged as an aggravated sexual assault of a child, but was subsequently reduced to a misdemeanor assault, for which appellant received deferred adjudication. During the discussion, appellant's counsel conceded the judgment was admissible, *see* TEX. CODE CRIM. PROC. ANN. ART. 37.07 § 3(a)(1)[1];

---

[1] That section provides:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules

–4–

but he argued the testimony would be prejudicial to appellant. The discussion then went off the record, but when the transcription continued, the court made no ruling on the objection. Accordingly, appellant did not preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a)(2) (requiring ruling on objection as prerequisite to presenting complaint on appeal). We agree with appellant's counsel that this was not an arguable issue for appeal.

## Conclusion

Given our review of the record and counsel's brief, we agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably and substantively support the appeal of the trial court's judgment. Accordingly, we affirm the trial court's judgment and grant counsel's motion to withdraw.

211088f.u05
Do Not Publish
Tex. R. App. P. 47

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

---

404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

*Id.*



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THONG QUOC PHAM, Appellant

No. 05-21-01088-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-82314-2021.
Opinion delivered by Justice Pedersen, III. Justices Goldstein and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of April, 2023.